**JPMORGAN CHASE BANK, for and on behalf of Mahonia Limited and Mahonia Natural Gas Limited, Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Travelers Casualty and Surety Company, St. Paul Fire and Marine Insurance Company, Continental Casualty Company, National Fire Insurance Company of Hartford, Fireman's Fund Insurance Company, Safeco Insurance Company of America, the Travelers Indemnity Company, Federal Insurance Company, Hartford Fire Insurance Company, Lumbermens Mutual Casualty Company, Defendants.**

No. 01 Civ.11523 JSR.

United States District Court,
S.D. New York.

Dec. 2, 2002.

---

**2.** The issues can and will be further refined in connection with the pre-trial order.

Frank Mosley, John M. Callagy, Steve Caley, Neil Merkl, Jonathan Cooperman, Kevin Smith, Kelley, Drye & Warren, LLP, New York City, for JPMorgan Chase Bank.

Eva H. Posman, New York City, Joseph Dworetzky (admitted pro hac vice per order dated February 27, 2002), Michele Hangley (admitted pro hac vice per order dated February 27, 2002), Henry Hockeimer, Jr. (admitted pro hac vice per order dated June 24, 2002), Hangley, Aronchick, Segal & Pudlin, Philadelphia, PA, for Liberty Mutual Insurance Company.

Alan Levine, Celia Goldwag Barenholtz, Stephen Wieder, Kronish Lieb Weiner & Hellman LLP, New York City, for Travelers Casualty and Surety Company, The Travelers Indemnity Company, St. Paul Fire and Marine Insurance Company.

Stewart D. Aaron, Zachary W. Carter, Dorsey & Whitney, L.L.P., New York City, Armen Shahinian, Wolff & Samson, P.A., Roseland, NJ, for Continental Casualty Company and National Fire Insurance Company of Hartford.

Michael H. Barr, Sonnenschein Nath & Rosenthal, New York City, DArren B. Watts, Benjamin Schwartz, George Ellis, Nadine McSpadden, Maria Minor (Admitted pro hac vice per order dated February 6, 2002), Agostino Lorenzini (Admitted pro hac vice per order dated May 29, 2002), John O'Bryan (Admitted pro hac vice per order dated May 29, 2002), Altheimer & Gray, Chicago, IL, for Fireman's Fund Insurance Company.

Mark S. Gamell, Robert Beau Leonard, Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho, NY, T. Scott Leo (admitted pro hac vice per order dated February 25, 2002), Grace Cranley (admitted pro hac vice per order dated September 27, 2002), Michael Weber, Leo & Weber, P.C., Chad H. Gettleman, Adelman, Gettleman, Merens, Berish & Carter, Ltd., Chicago, IL, for Safeco Insurance Company of America, Hartford Fire Insurance Company and Lumbermens Mutual CAsualty Company.

Gary L. Leshko, Thomas G. Wilkinson (admitted pro hac vice per order dated January 18, 2002), F. Warren Jacoby (admitted pro hac vice per order dated January 18, 2002), Stephen Cozen (admitted pro hac vice per order dated January 28, 2002), Thomas Harrington (admitted pro hac vice per order dated May 24, 2002), Sarah E. Davies (admitted pro hac vice per order dated August 26, 2002), Julie Negovan (admitted pro hac vice per order dated November 25, 2002), Kristine Maciolek (admitted pro hac vice per order dated November 25, 2002), Cozen & O'Connor, New York City, for Federal Insurance Company.

Marc D. Youngelson, Kasowitz, Benson, Torres & Friedman LLP, New York City, Jonathan Walsh, Curtis, Mallet–Prevost, Golt & Mosle LLP, New York City, Rosalie Yee, Sara Kelsey, New York City, for Non Parties.

### MEMORANDUM

RAKOFF, District Judge.

On September 13, 2002, the Court granted defendants' motion to dismiss the six fraud claims in the Amended Complaint. *See* Order, Sept. 13, 2002. This Memorandum briefly states the reasons for that decision.

Full familiarity with all pleadings and prior proceedings in this case is here assumed. In essence, the case concerns six surety bonds (the "Bonds") issued by the defendants, which guaranteed the contractual obligations of Enron Natural Gas Marketing Corporation and Enron North America Corporation (collectively "Enron") to make future delivery of large amounts of gas and oil purchased from Enron by Mahonia Limited and Mahonia Natural Gas Limited (collectively "Mahonia") between June 1998 and December 2000. To pay for these purchases, Mahonia obtained the equivalent of more than $1 billion from plaintiff's predecessor, the Chase Manhattan Bank ("Chase"). Am. Compl. ¶ 3. Chase, as a prerequisite to these transactions, required Mahonia to insure against any default by Enron by purchasing the Bonds. Am. Compl. ¶¶ 8–9, 11.

In late 2001, Enron defaulted, and Chase, acting in this respect on behalf of Mahonia, thereupon initiated this lawsuit, seeking a declaration that defendants were required to make immediate payment on the Bonds. In response, defendants contended that they were excused from repayment because, unbeknownst to them, the contractual arrangements between Mahonia and Enron simply disguised what were actually loans from Chase to Enron, repayment of which, under applicable New York law, could not be insured.[1] *See* N.Y. Ins. Law §§ 1113(a)(16)(E), 6901(a)(1)(A); *see also JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 189 F.Supp.2d 24 (S.D.N.Y. 2002). Plaintiff, in turn, responded in its Amended Complaint with the six fraud claims here in dispute, in which plaintiff, suing in respect of these claims on behalf of Chase rather than Mahonia, advanced two contentions:

*First,* plaintiff contends that defendants, contrary to their claims of ignorance, knew enough about the underlying transactions to harbor doubts about the insurability of the forward sales contracts between Mahonia and Enron, but nonetheless opined, without qualification, to the legality of the Bonds, thus fraudulently inducing Chase to lend the monies to Mahonia used to enter into the contracts. Am. Compl. ¶¶ 2, 13, 21–32.

*Second,* plaintiff contends that defendants fraudulently represented to Chase that the Bonds would be "the functional equivalent of letters of credit" and as such would be payable on demand, when in fact defendants secretly intended in the event of default to pursue "claims adjustment" and otherwise avoid the automatic repayment characteristic of letters of credit. Am. Compl. ¶¶ 11–12, 34–39, 41, 47, 51.

 It is undisputed that both these contentions of fraud are governed by New York law, which defines the elements of a fraud claim as: (1) a material misrepresentation or omission (2) that was made by

---

**1.** Certain defendants subsequently added the additional fraud defense that plaintiff had assisted Enron in overstating the Enron financial statements on which these defendants allegedly relied in issuing the Bonds.

the defendant with an intent to defraud the plaintiff, (3) that was reasonably relied on by the plaintiff, and (4) that caused injury to the plaintiff. *Banque Arabe et Internationale D'Investissement v. Maryland Nat'l Bank,* 57 F.3d 146, 153 (2d Cir.1995). Plaintiff's first contention, premised on the alleged fraudulence of the legal opinions set forth in the opinion letters provided by defendants to Mahonia at Chase's behest, fails to satisfy the reliance requirement because the letters themselves expressly preclude reliance by Chase, the only party advancing this contention. Specifically, each of the letters in question—though varying slightly in their wording—specifically provides that its opinions are intended solely for Mahonia's benefit and may not be relied upon by any other entity without express written consent. *See* Barenholtz Aff. Exs. 7–15 (attaching copies of the opinion letters).[2]

For example, the opinion letter issued by defendant Liberty Mutual advises Mahonia that:

> This opinion (i) is furnished for *your sole benefit* in connection with the Surety Bond to be executed by Liberty, and may not be construed in any manner as creating any attorney-client relationship between you and the Undersigned; (ii) is considered by the Undersigned to be a confidential communication which may not be furnished, reproduced, distributed, or disclosed to anyone except your counsel or other authorized representatives without the express written consent of the Undersigned ... and (iii) *may not be relied upon by any person or entity other than you or for any other purpose without the prior written consent of the Undersigned.*

Barenholtz Aff. Ex 7 at 3 (emphasis supplied). Chase nowhere alleges that it sought release from the underscored limitations. Accordingly, its first contention of fraud must fail.

Plaintiff's second contention of fraud—premised on the allegation that defendants never intended to honor their commitment to pay on demand—also fails, for three separate reasons. To begin with, the factual allegations adduced with respect to this contention are not remotely pled with the particularity required by Fed.R.Civ.P. 9(b), *see* Am. Compl. ¶¶ 11, 47, 51, 131, 134–40, and the failure to so plead, after months of intensive discovery, makes plain that this failure is not one that can be corrected through an opportunity to replead.

Further, "[t]he mere allegation that 'a defendant did not intend to perform a contract with a plaintiff when he made it' generally fails to state a claim for fraud...." *VTech Holdings Ltd. v. Lucent Techns., Inc.,* 172 F.Supp.2d 435, 439 (S.D.N.Y.2001); *see also Papa's–June Music v. McLean,* 921 F.Supp. 1154, 1160–61 (S.D.N.Y.1996) (collecting cases). Yet there are entirely missing from the instant pleadings the kinds of additional allegations that might transform the instant contention from a breach of contract claim into one sounding in fraud under New York law.

Finally, if there were any doubt on this score, defendants have repeatedly represented to this Court, unequivocally and with knowledge that the Court would judicially rely thereon, that their sole defense to repayment on demand of the instant Bonds is their various claims of fraud shortly to be decided at trial. *See* tran-

---

**2.** Because the opinion letters are expressly referenced in, and integral to, the Amended Complaint, the Court may take cognizance of their contents even, as here, on a motion to dismiss brought under Fed.R.Civ.P. 12(b). *See, e.g., Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.2002).

script, November 6, 2002, at 27; transcript, August 27, 2002, at 7. Consequently, any subjective intention not to repay that defendants allegedly harbored when they issued the bonds has been rendered legally irrelevant by their judicially enforceable promise not to act thereon.

Accordingly, for the aforementioned reasons, the Court on September 13, 2002 granted defendants' motion to dismiss all the fraud claims of the Amended Complaint.